OPINION
{¶ 1} Ronald L. Talley is appealing, pro se, from the decision of the trial court granting summary judgment in favor of the defendant. The defendant, whose real name is Patricia Johnson, not Springfield, was sued in her capacity as a Records Custodian Designee for Good Samaritan Hospital in Dayton, Ohio. Insofar as is material to this appeal, portions of the trial court's decision are set forth as follows:
 {¶ 2} "This matter is before the Court on Defendant's motion for summary judgment filed January 8, 2003.
 {¶ 3} "Plaintiff is a prisoner in the London Correctional Institute. Plaintiff claims that he received injuries in an altercation, after which he received treatment at Good Samaritan Hospital, Dayton, Ohio. He claims in his complaint that he received blunt trauma injury to his head, as well as a stab injury. Plaintiff admits in his complaint that in June of 1997, he received a copy of his medical records from Good Samaritan Hospital. Plaintiff admits that `the complete set of records' was then sent to Plaintiff's attention to the London Correctional Institute. Plaintiff admits that on three (3) dates, he sent three (3) identical requests for information for the same medical record he had already received, and admits that on June 8, 2000, he again received the record.
 {¶ 4} "According to the affidavit of Patricia Johnson, she received either a release or a request for records, or subpoena for records from Plaintiff on December 8, 1994, July 18, 1995, July 1, 1997, May 24, 2000, and June 21, 2001. On each occasion she sent the full and complete record in her possession, which was the exact same record, unaltered each time. As stated in the affidavit, Defendant did not make any entries in the record; she merely collected, stored and provided upon proper authorization the full and complete record in her possession. As she states in her affidavit, Defendant performed this task on five (5) separate occasions for Mr. Talley, and made no deletions, substitutions, modifications, or additions to the record in her possession. (See Exhibit A attached). Furthermore, the full record was again provided to Mr. Talley through discovery in this lawsuit.
 {¶ 5} "* * *
 {¶ 6} "The Defendant is entitled to judgment as a matter of law, as there is no private cause of action against an individual under Ohio Revised Code Section 3701.74, no federal claim can be asserted against the defendant as she is not a state actor, and there is no cognizable claim of relief as Plaintiff already admits that he has received the relief he requests (the receipt of the record).
 {¶ 7} "Defendant's motion is well taken and is hereby SUSTAINED."
 {¶ 8} Talley's appeal is clearly frivolous. The defendant's unopposed motion for summary judgment includes her affidavit, referred to in the trial court's decision as Exhibit A, which clearly proves that she has met all of Talley's requests for copies of his medical records. Talley even admits that in his complaint filed herein. He seems to be essentially arguing that his medical records should reflect some other type of injury that he claims he sustained, but there is nothing in the record before us to support that contention.
 {¶ 9} In addition, Talley claims that the trial court could not proceed because there is an affidavit of disqualification against all Montgomery County Common Pleas judges filed by him with the Supreme Court. Clearly he did file such an affidavit, but just as clearly the Supreme Court has already (twice) ruled against him on the issue. There is no disqualification proceeding pending at the present time. Talley also argues that the requirements of an affidavit of disqualification, which must include "the specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations . . ." R.C. 2701.03(B)(1), is unconstitutional. The procedure outlined in the statute has never been found to be unconstitutional and, in fact, it has been held to meet the requirements of due process. Bland v. Graves (1994), 99 Ohio App.3d 123. Appellant apparently raises this issue under his sole assignment of error, to wit:
 {¶ 10} "The court errored [sic] when it was prohibited by law from ruling for appellee in summary judgment."
 {¶ 11} The standard of review for a trial court's disposition of a summary judgment motion is de novo. Hastings v. Jay's Restaurant (Jan. 29, 1993), Montgomery App. No. 13652. We have carefully reviewed the court's summary judgment decision and find it is not only supported amply by the record but that such decision was virtually inevitable. The sole assignment of error is overruled. The judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.